**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ADAM LANE
ADC #155843** **PLAINTIFF**

**v.** **No. 4:25-cv-00370-LPR**

**CYNTHIA CONWAY, et al.** **DEFENDANTS**

**ORDER**

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Edie R. Ervin (Doc. 33). No objections have been filed, and the time for doing so has expired. After a *de novo* review of the RD, along with careful consideration of the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.[1]

Accordingly, Defendants' Motion for Summary Judgment (Doc. 27) is GRANTED. Plaintiff's claims are DISMISSED with prejudice. The Clerk is directed to close this case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 5th day of November 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

[1] There are three caveats. First, technical changes have been made compared to the RD with respect to the disposition of this case. Second, the Court is not sure it agrees with the analysis in the last paragraph on page 9 of the RD. But that does not matter here because Plaintiff has failed to respond to the Statement of Undisputed Material Facts and thus is deemed to have admitted, *inter alia*, that "Lieutenant Conway closed Lane's trap door without incident" on the day in question. Doc. 29 ¶ 14. This admission is fatal to the excessive-force claim and thus to the failure-to-train/supervise claims. Third, the Court understands that Plaintiff has recently passed away. Although the Court could wait for a substitute plaintiff, there is no reason to here where the claims are being dismissed with prejudice.